UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **GEORGE GARCIA** | **CIVIL ACTION NO. 6:13-cv-3247** |
| **FED. REG. #07698-380** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **JUDGE REBECCA DOHERTY** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

On December 13, 2013, George Garcia, a prisoner in the custody of the Federal Bureau of Prisons who is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana, submitted a hand-written "Affidavit of Truth" and associated documents to the Clerk of Court for filing. While difficult to decipher, the documents purported to appoint United States District Judge Rebecca Doherty as Garcia's "trustee" and sought "discharge" of the crimes he was accused and convicted of, the elimination of those charges from the public record, and his immediate release from prison. [Doc. 1] The filing was initially construed as a civil rights complaint filed pursuant to *Bivens*[1] and Garcia was thereupon directed to either pay the full filing fee or apply for *in forma pauperis* status; he was also provided a copy of the complaint form provided to prisoners in this district filing civil rights actions. In due course Garcia submitted a motion to proceed *in forma pauperis* [Doc. 5] and an amended complaint on the form required by

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC §1983.

Local Rule 3.2.[2] [Doc. 4] On January 8, 2014 he was allowed to proceed *in forma pauperis*. [Doc. 7] On January 6, 2014 he submitted his complaint on the form provided. [Doc. 4]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

The records of the United States District Court for the Western District of Texas in the criminal prosecution entitled *United States of America v. George Garcia,* Docket No. 3:12-cr-02608 establish that Garcia was indicted the Grand Jury of that District and charged with a violation of 21 U.S.C. §846 – conspiracy to possess with intent to distribute the controlled dangerous substance MDMA.  On March 26, 2013 he pled guilty to that offense and on June 12, 2013 United States District Judge Philip R. Martinez sentenced him to 24 months imprisonment and supervised release for 2 years.  In July 2013 he began serving that sentence at the Federal Corrections Institute, Oakdale, Louisiana.

In his amended *Bivens* complaint, plaintiff identified Judge Doherty as his sole defendant. His Statement of Claim asserted, "On Sept. 2011 I, the beneficiary of the 'Trust' attempted to distribute Methlyenedioxymethamphetamine (MDMA) to an undercover DEA agent. On Nov.

---

[2] Local Rule 3.2 provides, "Every complaint filed by a prisoner who is not represented by an attorney (i.e., who is proceeding pro se) complaining of violation of their constitutional rights (including state prisoners and federal prisoners) or seeking a writ of habeas corpus under 28 U.S.C. §2241 and 28 U.S.C. §2254 shall be typed or legibly written on forms supplied by the court and signed by the prisoner.... A prisoner who is unable to pay the filing fee and service costs may petition the court on forms supplied by the court to proceed in forma pauperis..."

2012 I was indicted and charged with 'conspiracy to possess/intent to distribute a controlled substance.' On June 2013 I was sentenced to 24 months in prison with 24 months of supervised release. On July 2013 I started my sentence." [Doc. 4, ¶IV] His prayer for relief stated, "I am the beneficiary of the 'Trust' and I am requesting immediate release from prison, and compensation." [*Id.*, ¶V]

*Law and Analysis*

*1. Screening*

Garcia is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

District courts may dismiss an *in forma pauperis* complaint as frivolous under § 1915(d) if it lacks an arguable basis in law or fact. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994). "Section 1915(d) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id* . (internal quotation and citation omitted).

A claim lacks an arguable basis in law when it is "based on an indisputably meritless

3

legal theory." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Habeas Corpus

Garcia implies that his current incarceration is unlawful and, that he is entitled to an immediate release from custody. However, such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Release from custody is available, if at all, in a *habeas corpus* action, and since Garcia is a federal prisoner, contesting a federal conviction and sentence, the mechanism for such a collateral attack is a Motion to Vacate filed in the district of conviction pursuant to 28 U.S.C. §2255. Since release from custody is not available in this civil rights proceeding, that aspect of Garcia's complaint must be dismissed for failing to state a claim for which relief may be granted.

## 3. *Heck v. Humphrey* Considerations

As noted above, Garcia implies that he is unlawfully imprisoned. In addition to requesting release from custody, he also prays for "compensation." In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...") *Heck's* rule applies to *Bivens* actions. *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir.1994); *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998).

Garcia's conviction and sentence have not been reversed, expunged, or declared invalid. He implies that he is falsely imprisoned. If the court were to grant him monetary relief, such ruling would necessarily implicate the validity of his conviction and the sentence he is presently serving. Accordingly, under *Heck*, Garcia must demonstrate that his conviction, adjudication and sentence have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). He has failed to make such a showing. Consequently, his claim for compensatory damages is "legally frivolous" within the meaning of 28 U.S.C. §1915 until such time as the *Heck* requirements are met. *Hamilton*, 74 F.3d at 102-103.

***4. Affidavit of Claim etc.***

As noted above, Garcia commenced this civil action by filing a hand written document entitled "Affidavit of Truth." In that document Garcia identified himself as a "beneficiary" of the "Trust" and appointed Judge Doherty as "Trustee" asking her "... to discharge this matter I am

5

accused of at hand, and eliminate the charges from public record and release me from prison immediately." [Doc. 1] He also included a copy of the BOP's "Sentence Monitoring Computation Data" relative to his conviction and sentence. This document contains the hand-written notation "Liability Discharge Pursuant to UCC 3-305, UCC 3-601, UCC1-103, UCC 1-207 without prejudice under protest" and is signed by Garcia as "Beneficiary /Executor Without Prejudice UCC 1-207." [Doc. 1-2]

As noted above, Garcia has been allowed to proceed *in forma pauperis*. The Court therefore has the authority to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994) (internal quotation and citation omitted).  Garcia's "claims" – the Affidavit of Truth and discharge of liability under the Uniform Commercial Code [Doc. 1, and 1-2] – are clearly and manifestly baseless and irrelevant to these proceedings and to the extent necessary, they should be denied and dismissed as frivolous.

### *Recommendation*

**IT IS RECOMMENDED** that Garcia's *Bivens* complaint [Doc. 4] and the various documents filed in conjunction therewith [Docs. 1and 1-2]be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of  28 U.S.C.§ 1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, January 16, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**